```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

*EX PARTE* APPLICATION OF ISMAEL REYES FOR AN ORDER TO TAKE DISCOVERY UNDER 28 U.S.C. § 1782

19 Civ. 7219 (AT)

**ORDER GRANTING APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 COMPELLING DISCOVERY IN AID OF FOREIGN JUDICIAL PROCEEDING**

**WHEREAS**, a petition having been made by Ismael Reyes ("Reyes") for an Order pursuant to 28 U.S.C. § 1782 ("Application") authorizing the issuance of a subpoena compelling the Bank of New York Mellon (or "the Bank"), a entity with an office in and that may otherwise be found in the Southern District of New York, to produce documents and submit to a deposition as provided in the Respective Subpoena (attached to this Order as Exhibit "A"), for use in a proceeding before the Regional Trial Court of the Republic of the Philippines ("the Philippines Proceeding");

**NOW**, for good cause showing, the Court hereby **GRANTS** the Petition, with a modification of the Subpoena production date from August 15, 2019 to **August 23, 2019**, at **10:00 a.m.**, and Applicant may serve on the Bank of New York Mellon the Subpoena in a form substantially similar to that attached hereto as Exhibit A; and it is hereby

**ORDERED** that the Bank of New York Mellon (a) produce documents in accordance with the Subpoena and Schedule A thereto; and (b) submit to a deposition in accordance with the Subpoena; and it is

**FURTHER ORDERED** that discovery conducted pursuant to the Subpoena shall be governed by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Southern District of New York, and individual rules and practices of this Court; and it is

**FURTHER ORDERED** that copies of this Order, the Subpoena, Application, and all supporting papers thereto shall be served by Applicant within five (5) business days of entry of this Order upon all counsel of record in the Philippines Proceeding by Hand Delivery, Federal Express, or U.S. Mail.

SO ORDERED.

Dated: August 9, 2019

New York, New York

_____
ANALISA TORRES
United States District Judge

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Application Pursuant to 28 U.S.C.1782 Ismael Reyes ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| To Take Discovery of the Bank of New York Mellon ) | |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   The Bank of New York Mellon, 240 Greenwich Street, New York, New York 10286

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   See Schedule A

| Place: Dan Tan Law<br>175 Varick Street<br>New York, New York 10014 | Date and Time:<br>08/15/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                                                        OR

   _____                    _____
   *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ismael Reyes
_____, who issues or requests this subpoena, are:

Dan Tan, Dan Tan Law, 175 Varick Street, New York, New York 10014, 646-580-0080

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions and Instructions

1. The uniform definitions and rules of construction set forth in the Local Rules of the United States District Courts for the Southern District of New York are incorporated wherein by reference where applicable (the "Local Rules."). The following definitions apply to the document requests herein, and the following words shall have the definitions set forth below. Terms not defined herein shall have the meanings ascribed to them, if any, by the Federal Rules of Civil Procedure ("the Federal Rules") or the Local Rules.

2. "You," "The Bank of New York Mellon" or "the Bank" means the Bank of New York Mellon and current and former officers, directors, employees, members, partners, corporate parent, subsidiaries, affiliates, predecessors or successors of the Bank of New York Mellon.

3. The term "person" means any natural person or any legal entity, including without limitation, any business or governmental entity or association.

4. The term "document(s)" is defined to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and means the original or copies of all written, printed, typed, electronically stored, recorded, or graphic matter, photographic matter, or sound reproduction, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the foregoing, the term "document(s)" includes correspondence, communications, reports, tests, analyses, studies, contracts, agreements, term sheets, letters, telegrams, mailgrams, memoranda, inter-office or intra-office communications, memoranda for files, memoranda of

telephone or other conversations or meetings, any type of transcript (including conference calls and television interviews), press releases, statements, financial models, calendars, appointment books, schedules, bulletins , checks, invoices, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to  or to  be read with any  document,  booklets, books, notebooks, work papers, drawings, graphs, charts, photographs, phone records, video or voice recordings, electronic tapes, printouts, data cards, and other data compilations from which information can be obtained, which are in the possession, custody or control of You or your counsel.  "Document(s)" also shall include all electronic data including emails and any related attachments, electronic files or other data compilations which relate to the categories of documents listed  above, whether stored on  a personal computer, network computer system, backup computer tape, server, and/or disk, or by some other storage mechanism or database. All non-identical copies and all drafts of any documents shall be deemed separate documents within the foregoing definition and are to be produced.

5.      The term "communication" means any oral or written transmittal of information in the form of facts, ideas, inquiries or otherwise.

6.      The term "including" means including but not limited to.

7.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.      The terms "all," "any," and "each" shall be construed as encompassing any and all.

9.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.  "And" includes the word "or" or "or includes the word "and."

10.    The use of the singular form of any word includes the plural and vice versa.

11.    The masculine form of any noun or pronoun includes the feminine and the neuter form and the feminine or neuter form includes the masculine form.

12.    The term "Bangladesh Bank" refers to the Central Bank of the country of Bangladesh.

13.    The term "RCBC" refers to the Rizal Commercial Banking Corporation.

14.    The term "Heist" shall refer to the events that occurred in February 2016 relating to the loss of funds from Bangladesh Bank's account at the New York Fed.

15.    The term "SWIFT" shall refer to the SWIFT network, a Belgium-based cooperative of organizations that maintains a messaging platform used by banks to transfer money across borders.

16.    The term "FBI" shall refer to the United States Federal Bureau of Investigation.

17.    Paper documents should be produced in hard copy, or, in the alternative, as scanned .TIFF files.  Electronically stored information or documents should be produced as imaged .TIFF files together with a summation file containing metadata fields.  Attachments to documents or e-mails must be attached to or linked to their parent document by production number. All electronically stored information must be searchable as to text and metadata.  Metadata fields to be included in searchable form shall include all authors, recipients, subjects, and custodians; parent-child relationship and/or other identification of related documents; file names and file extensions; information identifying the beginning and end of documents; dates and times created, sent, received, modified, deleted, restored, and printed; and file path and internet file path.

18.    Unless otherwise indicated, all documents are to be produced as they were maintained or as they were kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the appropriate

request herein. If a portion of a document is responsive, please produce the entire document. If there are no documents responsive to any particular request or category, please so state in writing. All documents should be produced with consecutive production or bates numbers.

19. With respect to any document, me ting, communication or other information which is subject to a claim of privilege or attorney work product, the following information should be provided except insofar as it is claimed that such information would reveal privileged material:

  a. State the nature of the privilege claims (e.g., attorney/client, work product, etc.), the basis for claiming the privilege, and whether the privilege is being asserted with respect to the entire document or with respect to a portion thereof.

  b. State the type of document (e.g., letter, memorandum, etc.)

  c. State the date of the document, meeting or communication.

  d. State the identifies of the persons who wrote, signed, authored, dictated or otherwise participated in the preparation of the document or were present for the meeting or communication, and, where not apparent, their relationship to each other.

  e. State the approximate duration of the meeting or communication or the length of the document.

  f. State the general subject matter of the document, meeting, or communication.

20. The document requests apply to documents within the possession, custody or control of the Bank of New York Mellon.

21. If any responsive documents were but no longer are in the Bank of New York Mellon's possession, custody or control, state the disposition of such documents, including but not limited to, the identity of the person(s) to whom the documents were forwarded, the state of such disposition and the identity, if known, of the person(s) currently in possession of such documents and the current or last known address of such person(s); and if the documents have been destroyed, the date and manner of their destruction, by whom they were destroyed, who authorized their destruction, and for what purpose they were destroyed.

22. This document request is continuing, and the responses are to be supplemented whenever additional documents that are responsive hereto are obtained, discovered, or become available to the Bank of New York Mellon.

**Document Requests**

1. Non-privileged communications regarding the February 4, 2016 payment order containing SWIFT code IRVTUS3N for Sender's Reference ending in 1500 for USD $30,000,028.79 (the "Payment Order") sent or received between December 1, 2015 through March 1, 2016.

2. Non-privileged communications between the Bank of New York Mellon and SWIFT, Bangladesh Bank, The New York Fed, and the FBI regarding the Payment Order sent or received between December 1, 2015 through March 1, 2017.

3. Documents showing the message traffic related to the Payment Order, including all incoming or outgoing SWIFT messages regardless of message type, all incoming or outgoing FED messages regardless of message type, and all incoming or outgoing CHIPS messages regardless of message type.

4. Documents showing whether the Payment Order was stopped for or flagged for

additional review, beyond automated sanctions screening, or repair by operational systems or manual processes, by your institution.

5. Policies and procedures for the Bank's anti-money laundering programs from the years 2015, 2016, and 2017.