**COZEN O'CONNOR**

September 23, 2019

**VIA ECF**

**John J. Sullivan**
Direct Phone  212-453-3729
jsullivan@cozen.com

The Honorable Analisa Torres
United States District Judge
U.S. District Court for the
Southern District of New York
Thurgood Marshall United States Court House
40 Foley Square
New York, New York 10007

Re:   *In re Ex Parte Petition of Ismael Reyes for an Order to Take Discovery Under 28 U.S.C. § 1782* ("Petition")

Dear Judge Torres:

We represent Bangladesh Bank ("**Bank**"), the Proposed Intervenor in this Petition brought by Ismael Reyes ("**Reyes**") and write to address the letter filed by Reyes on Thursday, September 19 (Dkt. 19) and its relation to the Bank's pending motions to intervene (Dkt. 4) and vacate order to take discovery and quash the subpoena (Dkt. 7).

As the Court is aware, in a letter dated August 26, 2019, Reyes stated that he had "already consented" to an extension of the production deadline with respect to the challenged subpoena and planned "to offer a 30-day extension and for such further periods as may become reasonably necessary," an extension which Reyes claimed "moot[ed] the need to stay the Subpoena." Dkt. 11, at 1.  In a second letter, also filed August 26, Reyes stated he would "update the Court and any other parties in accordance with the Court's instructions once we reach agreement with the Bank of New York Mellon on the deadlines for complying with the Subpoena." Dkt. 13, at 1.

Reyes failed to do so.  Instead, after ignoring two calls and a voicemail from counsel for the Bank on Thursday, September 19, Reyes filed a letter with the Court after business hours on the same day stating that he had received a production of documents.  Despite the Court's instruction, Reyes failed to notify the Court or the Bank that he reached an agreement on an extension, what that extended deadline was, or that no agreement had been reached and production was imminent, precluding the Court's ability to consider the Bank's motions before a production occurred.  Moreover, Reyes is currently under no prohibition on sharing, and has likely shared, that production with Rizal Commercial Banking Corporation, Reyes co-party in the Philippines and a co-defendant in the Related Action (which is subject to a discovery stay, but has or will nonetheless obtain access to relevant discovery).

The Bank continues to press its motion to intervene and to have this matter transferred to the Court handling the Related Action.  Reyes failure to provide the notice above has significantly prejudiced the Bank, and respectfully submits that the Court may still vacate its prior order and quash the subpoena insofar as it may preclude the use of the challenged discovery or impose restrictions on its use.  *See, e.g.*, *In re Hornbeam Corp.*, 14 Misc. 424, 2015 WL 13647606, at *8-9 (S.D.N.Y. Sept. 17, 2015) (granting intervention in § 1782 proceeding, vacating in part discovery order due to petitioner's failure to provide advance notice

The Honorable Analisa Torres
September 23, 2019
Page 2

_____

of subpoena to other parties, and requiring all materials produced under subpoena to be provided to the other parties); *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27 (S.D.N.Y. 1991) (directing the return of evidence or, in the alternative, suppressing its use unless the opposing party was given access to the evidence).

      In light of the foregoing failures by petitioner Reyes, the Bank respectfully requests that the Court impose such remedies as will prevent significant prejudice to the Bank.

                                                  Respectfully submitted,

                                                  COZEN O'CONNOR

                                                  s/ John J. Sullivan

                                                  By: John J. Sullivan