USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE:

*EX PARTE* PETITION OF ISMAEL REYES
FOR AN ORDER TO TAKE DISCOVERY
UNDER 28 U.S.C. § 1782

19 Civ. 7219

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, Ismael Reyes, obtained a subpoena by application to this Court pursuant to 28 U.S.C. § 1782(a). ECF No. 3. Before the Court are motions brought by non-party Bangladesh Bank to (1) intervene pursuant to Federal Rule of Civil Procedure 24; and (2) vacate the subpoena pursuant to Federal Rule of Civil Procedure 60(b), or (3) quash the subpoena pursuant to Federal Rule of Civil Procedure 45. ECF Nos. 4, 7. For the reasons stated below, Bangladesh Bank's motion to intervene is GRANTED, and its motion to vacate or quash the subpoena is DENIED.

**BACKGROUND**

Petitioner, Ismael Reyes, moved pursuant to 28 U.S.C. § 1782 for a subpoena against the Bank of New York Mellon ("BNYM"). Application, ECF No. 1. Specifically, Petitioner sought production of documents and a deposition in aid of a civil action filed in the Regional Trial Court in the National Capital Judicial Regions in Makati City, Metro Manila, Philippines (the "Philippines Proceeding"). *Id.* ¶ 1 (citing *Rizal Commercial Banking Corporation and Ismael Reyes v. Bank of Bangladesh*, Civil Case No. R-MKT-19-01010). Reyes and a co-plaintiff filed suit in the Philippines against Bangladesh Bank alleging defamation. *Id.* ¶ 2. BNYM is an alleged participant in the events underlying the alleged defamation, and Petitioner applied to this Court for a subpoena to seek discovery from BNYM for use in the Philippines Proceeding. *Id.* ¶ 3. The Court granted the application. ECF No. 3. Thereafter,

Bangladesh Bank filed motions to intervene, ECF No. 4, and to vacate or quash the subpoena, ECF No. 7.

## DISCUSSION

I. <u>Motion to Intervene</u>

Bangladesh Bank moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), as well as for permissive intervention pursuant to Rule 24(b). Bangladesh Bank Interv. Mem. at 5–11, ECF No. 5. Petitioner does not oppose intervention. Pet. Mem. at 1 n.1, ECF No. 14.

Under Rule 24(b), a court "considers the same factors that it considers for intervention as of right." *MASTR Adjustable Rate Mortgs. Trust 2006-OA3 v. UBS Real Estate Secs.*, 2013 WL 139636, at *2 (S.D.N.Y. 2013). These factors are whether:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

The Court has broad discretion to, "on timely motion," permit anyone to intervene who "has a claim or defense that shares with the main action a common question or law or fact," so long as the intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); *see U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("Permissive intervention is wholly discretionary with the trial court."); *Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 57 (S.D.N.Y. 2013).

The Court considers the Rule 24(b) factors in turn. First, Bangladesh Bank's motion is timely, for it moved to intervene the week following the granting of the subpoena. Bangladesh Bank Interv. Mem. at 6. Second, Bangladesh Bank has an interest in the proceeding, because

2

Petitioner requests discovery for use against Bangladesh Bank in the Philippines Proceeding. *Cf. Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (holding that "standing to oppose subpoenas issued under § 1782 is [not] limited to the subpoenaed witness[;] parties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties").

As for the third and fourth factors concerning the proposed intervenor's ability to protect its interest, the Court is unpersuaded that Bangladesh Bank's interests will be impaired absent intervention, as it has not demonstrated how BNYM will not adequately protect sensitive or confidential information. Bangladesh Bank Interv. Mem. at 8–10. Nonetheless, the first two factors favor granting permissive intervention, and Petitioner does not oppose intervention.

Accordingly, Bangladesh Bank's motion to intervene is GRANTED.[1]

II. <u>Motion to Vacate or Quash the Subpoena</u>

Bangladesh Bank also moves to (1) vacate the order granting the subpoena pursuant to Rule 60(b), or, (2) in the alternative, quash the subpoena pursuant to Rule 45. Bangladesh Bank Vac. Mem. at 4–5, ECF No. 8. It argues that the Petitioner failed to disclose another case in the Southern District as related under Local Rule 1.6(a), and that Petitioner failed to notify Bangladesh Bank of the subpoena pursuant to Rule 45(a)(4). The Court addresses these arguments in turn.

   A. Motion to Vacate

Rule 60(b) allows a Court to relieve "a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect," as well as "any other reason that justifies relief." Bangladesh Bank argues that it meets the

---

[1] Because the Court grants Bangladesh Bank's motion for permissive intervention, it need not reach the question of intervention as of right. *See Dorsett v. Cty. of Nassau*, 283 F.R.D. 85, 90 (E.D.N.Y. 2012) (collecting cases).

requirements of Rule 60(b) because Petitioner's application for the subpoena should have been deemed related to *Bangladesh Bank v. Rizal Banking Corporation et al.*, No. 19 Civ. 983 (Schofield, J.) pursuant to Local Rule 1.6(a), and because Petitioner purportedly failed to disclose this case as related. Bangladesh Bank Vac. Mem. at 5–7.

Rule 13(a)(1) for the Division of Business Among District Judges states that a judge is to consider several factors in determining relatedness, including whether: "(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is a substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Moreover, "[c]ivil cases shall not be deemed related merely because they involve common legal issues or the same parties." Rule 13(a)(2).

The Court concludes Bangladesh Bank's arguments are without merit. Petitioner's memorandum of law in support of his application discusses the case before the Honorable Lorna G. Schofield. ECF No. 1-1 at 3. Petitioner did not, therefore, fail to disclose the case.

Moreover, the Court does not conclude that the cases are related. Twenty defendants are named in the action before Judge Schofield. *See Bangladesh Bank*, No. 19 Civ. 983. That action concerns an alleged conspiracy to steal and launder Bangladesh Bank's funds. *See* Complaint, No. 19 Civ. 983, ECF No. 1. The Philippines Proceeding, however, concerns alleged defamatory statements made by Bangladesh Bank about Petitioner after the alleged theft of Bangladesh Bank's funds—in other words, the Philippines Proceeding concerns events that postdate those in the case before Judge Schofield, and different legal claims. *See* Pet. Mem. at 8–9. Additionally, Bangladesh Bank has not shown how this Court's decision in

4

approving Petitioner's application may conflict with any ruling issued by or pending before Judge Schofield.[2]

Accordingly, Bangladesh Bank's motion to vacate the subpoena is DENIED.

B. Motion to Quash

Bangladesh Bank moves, in the alternative, to quash the subpoena due to Petitioner's failure to timely serve Bangladesh Bank a notice of the subpoena pursuant to Rule 45. Bangladesh Bank Vac. Mem. at 7–8.[3] Rule 45(a)(4) states that, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial"—as the subpoena does here—"then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Whether to quash a subpoena is "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).

The Court declines to exercise its discretion to quash the subpoena. As a party to the Philippines Proceeding, Bangladesh Bank was to be noticed under Rule 45(a)(4). *See In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018), *and aff'd*, 722 F. App'x 7 (2d Cir. 2018) ("[T]he Federal

---

[2] The cases Bangladesh Bank cites in support of vacatur are inapposite. *See* Bangladesh Bank Vac. Mem. at 6–7 (citing *In re WinNet R CJSC*, 16 Misc. 484, 2017 WL 1373918, at *9 (S.D.N.Y. Apr. 13, 2017) (quashing a subpoena issued pursuant to § 1782 because the petitioner in that case had failed to disclose adverse rulings in the foreign proceedings that undermined its application for discovery); *Green Dev. Corp. S.A. De C.V. v. Zamora*, No. 15 Misc. 21594, 2016 WL 2745844, at *3–7 (S.D. Fla. May 10, 2016) (quashing a subpoena because the applicant failed to disclose the report and recommendation of a magistrate judge in another court to deny a similar discovery request filed by the same applicant); *In re Application of Auto-Guadeloupe Investissement S.A.*, 12 Misc. 221, 2012 WL 4841945, at *7–8 (S.D.N.Y. Oct. 10, 2012) (quashing a subpoena where the court determined that the applicant may have acted in bad faith by failing to inform the court of relevant decisions in related arbitration proceedings)). The Court finds no similar malfeasance here, because Petitioner noted the action before Judge Schofield in his application to this Court, and Bangladesh Bank does not provide any other decisions that Petitioner should have disclosed.

[3] The Court agrees that Petitioner initially failed to properly serve Bangladesh Bank. *See* Pet. Mem. at 12–13 (admitting that Petitioner mailed materials to Bangladesh Bank one day past the deadline for service set in the Court's order, and that the mailed materials "inadvertently" omitted the subpoena and other supporting papers, causing further delay in fully serving Bangladesh Bank with notice of the subpoena). The Petitioner is admonished to observe the deadlines set forth in the Court's orders.

5

Rules generally require notice to one's actual or expected adversaries when taking discovery from third parties." (citations omitted)).  However, "[c]ourts in this Circuit routinely decline to quash subpoenas automatically based on noncompliance with notice requirements absent some showing of prejudice."  *In re Speer*, 754 F. App'x 62, 64 (2d. Cir. 2019).  Here, Bangladesh Bank was able to timely move to intervene and vacate or quash the subpoena, and Bangladesh Bank does not show how it was prejudiced by delayed notice.  Petitioner's defects in service, therefore, do not warrant quashing the subpoena.

Accordingly, Bangladesh Bank's motion to quash the subpoena is DENIED.

## CONCLUSION

Bangladesh Bank's motion to intervene is GRANTED, and its motion to vacate or quash the subpoena is DENIED.  The Clerk of Court is directed to amend the caption and terminate the motions at ECF Nos. 4 and 7.

SO ORDERED.

Dated: November 20, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge